Michael E. Kelly, ISB # 4351
Shannon Graham, ISB # 10092
KELLY LAW, PLLC
137 E. 50th Street
Garden City, Idaho 83714
Telephone  (208) 342-4300
Facsimile  (208) 342-4344
mek@kellylawidaho.com
smg@kellylawidaho.com
2700.029/Complaint

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY,<br><br>             Plaintiff,<br><br>     v.<br><br>JAGSRE LLC,<br><br>             Defendant. | CASE NO.<br><br>**COMPLAINT FOR RESCISSION** |

Plaintiff General Star Indemnity Company ("General Star") files the following complaint against Defendant Jagsre LLC ("Jagsre") for rescission as follows.

## I.    PARTIES

1.    At all times mentioned, General Star was and is a Delaware corporation with its principal place of business in the State of Connecticut.

2.    General Star is informed and believes and based thereon alleges that at all times relevant hereto, Jagsre was and is a Washington Limited Liability Company with its offices in Seattle, Washington.  General Star is informed and believes that Jagsre has one member, Benjamin Shoval.  According to documents on file with the Washington Secretary of State, Mr. Shoval, Jagsre's sole member, is a citizen and resident of Washington.

## II.     NATURE OF ACTION

3.     General Star seeks rescission of Policy Number IMA368785 which General Star issued to Jagsre, effective from April 19, 2021 to April 19, 2022 ("the General Star policy"). A true and correct copy of the General Star policy is attached to this Complaint as Exhibit "1" and incorporated by reference.

4.     On July 19, 2021, a murder/suicide ("the July 19, 2021 incident") occurred at Jagsre's property located at 1004 3rd Street, Kamiah, Idaho ("the property"). On July 26, 2021, Jagsre tendered a property claim to General Star for damage to and cleaning of the area of the property where the July 19, 2021 incident occurred.

5.     General Star seeks rescission of the General Star policy based upon Jagsre's material misrepresentations in the application for the General Star policy. General Star further seeks a declaration that it is not required to defend or indemnify Jagsre for any claims arising out of or in any way connected with the July 19, 2021 incident.

## III.     JURISDICTION AND VENUE

6.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

7.     The Court has federal diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 because (1) the amount in controversy exceeds $75,000 (the General Star policy has liability limits of $1 million and building limits of $987,000)  and (2) there is complete diversity of citizenship between General Star and Jagsre as well as Jagsre's sole member.

8.     Venue is proper in the U.S. District Court, District of Idaho because the property is located in Kamiah, Idaho, Jagsre sought insurance coverage specifically for the property, the

July 19, 2021 incident occurred at the property, and the General Star policy was issued pursuant to Idaho Insurance laws.

## V.   FACTUAL ALLEGATIONS

### A.   The Application for the General Star Policy

9. On April 19, 2021, Benjamin Shoval ("Mr. Shoval") of Jagsre signed the Commercial Insurance Application, the Commercial General Liability Application, and the General Star application form for a policy to be in effect from April 19, 2021 to April 19, 2022 ("Application"). True and correct copies of the Application forms are attached as Exhibit "2" and incorporated by reference. The Application forms Mr. Shoval signed include the following questions and answers:

> Description of Primary Operations:
>
> Appartment (*sic*) – 20 units 1 manager unit
>
> \*   \*   \*
>
> 10. Are there any lodging operations including apartments?   N ["no"]
>
> \*   \*   \*
>
> Occupancy   Apartment Building. [Box is checked]

If Jagsre had answered "Yes" to the question of whether there were "any lodging operations including apartments," the Application asks for the number of apartments, the total apartment area, and for the applicant to "describe other lodging operations." Jagsre provided no information for those questions.

10. The General Star application form includes the following warranty language in boldface immediately above Mr. Shoval's signature:

> **The applicant agrees, represents and warrants that the statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application are accurate and complete and no facts have been suppressed, omitted or misstated. Failure to fully disclose the information requested in the application for this insurance, whether by omission or suppression, or any misrepresentation in the statements, information and documents**

COMPLAINT FOR RECISSION-3

**accompanying or relating to the application, renders coverage for any claim(s) null and void and entitles us to rescind the policy from its inception.**

11. The Commercial Insurance Application forms contain the following language in all capital letters immediately above Mr. Shoval's signatures:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

### B. The General Star Policy

12. General Star issued the General Star policy based on the information stated in the Application.  The General Star policy's "Common Policy Conditions" include the following provisions.

By accepting this policy, you agree, represent and warrant that:

1. The statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application are:

    (a) Accurate and complete and no facts have been suppressed, omitted or misstated; and

    (b) Material to us, and we have issued the policy in reliance upon them;

2. Any failure to full disclose the information requested in the application for insurance, whether by omission or suppression, or any misrepresentation in the statements and information contained in the application for insurance, including all statements, information and documents accompanying or relating to the application renders coverage for any claim(s) null and void and entitles us to rescind the policy from its inception; and

3. The application for this policy is incorporated and made part of the policy by reference.

13. The General Star policy's Commercial Property Declarations page identifies the insured premises as "1004 3rd Street, Kamiah ID 83536."  On the same page "Occupancy" is identified as "Apartments."

### C.     Jagsre Operates the Property as a Motel

14.     On April 19, 2021 and continuing at least through July 19, 2021, Jagsre operated a motel on the property as well as renting apartments.

15.     On July 12, 2021, General Star first received in its system information that Jagsre was at all relevant times operating the property as a motel, with some apartment units. A true and correct copy of the Sitecheck Solutions Site Survey is attached as Exhibit "3" and incorporated by reference.

16.     If General Star had known that Jagsre was at all relevant times operating the property as a motel with some apartment units, it would not have issued the General Star policy to Jagsre, as it does not insure hotel or motel operations.

### D.     Policy Rescission

17.     By correspondence dated September 8, 2021, General Star notified Jagsre that it was rescinding the General Star policy. The notice enclosed a check reimbursing Jagsre for the premiums paid on the General Star policy. True and correct copies of the notice of rescission and the reimbursement check are attached to the Complaint as Exhibits "4" and "5".

## FIRST CAUSE OF ACTION

### (Rescission)

18.     General Star incorporates by reference the allegations contained in paragraphs 1 through 17, inclusive, as though fully set forth herein.

19.     Idaho Code § 41-1811 states:

All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefore, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(a)  Fraudulent; or

(b)  Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

> (c) The insurer in good faith would not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

20. Jagsre's failure to accurately disclose that the property was operating as a motel was a misrepresentation in the application material to the underwriting of the General Star policy.

21. General Star would not in good faith have issued the General Star policy had it known the property was operating as a motel, because General Star does not write coverage for hotel and motel operations.

22. Jagsre's material misrepresentation in the Application renders the General Star policy void *ab initio*.

23. General Star provided notice of rescission to Jagsre and has returned all premiums paid for the policy as required by applicable law.

24. Based on the foregoing, General Star invokes its legal and statutory right to rescind the policy and to declare that the General Star policy is null and void in its entirety from inception and that General Star has no liability or obligations under the policy.

25. General Star requests a judgment declaring that the General Star policy is rescinded and void *ab initio*, and that General Star has no past, present, or future obligation to pay benefits under the policy, including, but not limited to, any payments in connection with any claims arising out of or connected in any way with the July 19, 2021 incident.

## PRAYER FOR RELIEF

WHEREFORE, General Star prays for judgment against Jagsre as follows:

1. On the First Cause of Action for a declaration that the General Star policy is rescinded and void from inception;

2. For costs of suit incurred; and

3. For such other and further relief as the Court deems just and proper.

DATED this 10th day of September, 2021.

        KELLY LAW, PLLC

        By: *Michael E. Kelly*
          Michael E. Kelly, Of the Firm
          Attorneys for Plaintiff General Star Indemnity Co.